CITY OF STILLWATER v. THOMAS LOWRY and Others.[1]

May 24, 1901.

Nos. 12,507—(115).

Village—Street Railway—Term of Years.

Villages of this state having less population than three thousand, incorporated under the provisions of G. S. 1894, c. 10, tit. 3, have no authority to authorize the construction and operation, for a definite term of years, of street railways in the streets of such villages.

Appeal by plaintiff from an order of the district court for Hennepin county, McGee, J., sustaining separate demurrers to the complaint. Affirmed.

· J. C. Nethaway, for appellant.

Munn & Thygeson, for respondents.

START, C. J.

This is an appeal by the plaintiff from an order sustaining the defendants' demurrers to its complaint. The here material allegations of the complaint are, in effect, these: The council of the city of Stillwater in March, 1899, granted to the defendants a franchise, for the term of twenty-five years, to build, maintain, and operate an electric street-railway line along and over certain streets of the city, with the right to charge and collect five cents for each passenger carried thereon. It was also provided by the ordinance granting such franchise that the defendants should apply to the proper authorities of the village of South Stillwater for authority to construct and maintain a street-railway line from the terminus of their line at the limits of the city to some convenient point within the village; and, further, that within six months after receiving satisfactory authority therefor they should build and complete such line into the village, and thereafter operate it in connection with their line in the city, and carry passengers from the city limits to any point along the line in the village for an additional fare of five cents. The defendants applied for such authority to the council of the village, which passed an ordi-

1 Reported in  86 N. W. 103.

nance granting it, in terms, and requiring the defendants to accept the provisions of the ordinance within thirty days after its pass-. age. The defendants never accepted the ordinance, and never built the village line, but they built and still operate the city line. This action was brought by the city to compel a performance by the defendants of the contract as to the village line or to cancel the whole contract.

It is to be noted that the defendants were obligated to build and operate the village line in connection with their city line, provided they received satisfactory authority from the village so to do. The fair inference, then, is that they were to receive a franchise for the village line for the same term (twenty-five years) as that of their franchise for the city line. The village of South Stillwater was and is a municipality containing less than three thousand inhabitants, and was incorporated under G. S. 1894, c. 10, tit. 3. The only question for our decision on this appeal is whether the village council of the village of South Stillwater had power to grant a street-railway franchise for the term of twenty-five years or for any definite term. The councils of villages of the class to which the village of South Stillwater belongs are expressly empowered

"To lay out, open, change, widen, or extend streets, lanes, alleys, sewers, parks, squares, or other public grounds, and to grade, pave, improve, repair, or discontinue the same, or any part thereof;   *   *   *   to prevent the incumbering of streets, sidewalks and alleys with carriages, carts, wagons, sleighs, sleds, buggies, railway cars, engines, boxes lumber;   *   *   *   to ordain and establish all such ordinances and by-laws for the government and good order of the village, the suppression of vice and immorality, the prevention of crime, the protection of public and private property, the benefit of trade and commerce,   *   *   *   as they shall deem expedient;"

to make, erect, establish, and control waterworks for the supply of water for public and private use; also to build and control electric light plants for supplying light for public and private use. They are also authorized to govern the streets, highways, and public places of their respective villages. G. S. 1894, §§ 1224, 1225, 1250.

The village councils of villages having a population of more

than three thousand are expressly granted the power to provide for and control the erection and operation of electric lights, street railways, telephone exchanges, belt-line or inclined railways, or all railways within the corporate limits of their respective villages. G. S. 1894, § 1299, subsec. 47. The power to grant the use of their streets by street railways has been granted in express terms by the legislature to the principal cities of the state.

It is the contention of the plaintiff that the general provisions we have quoted, giving power to villages having a population of less than three thousand by their respective councils to control and govern their streets, by necessary implication includes the power to grant a street-railway franchise. There are adjudged cases that hold, in effect, that authority to a municipality to establish and control its streets includes the power to license the use of its streets for street-railway purposes, unless a different legislative intent is apparent. Booth, St. Ry. Law, § 15. It, however, seems quite clear, from the statutes to which we have referred, that the legislature did not intend to include, in the general grant of the right to supervise and control the streets in villages having a population of less than three thousand, the power to license the use of their streets for railway purposes, and much less the right to grant a street-railway franchise for a definite term. If it was the intention of the legislature to grant so important a power to such villages, it would seem reasonable to believe that it would have done so in express terms, as was the case of villages having a population of over three thousand and the cities of the state. Again, if such was the intention, why should the legislature grant the power to such villages in express terms to erect and maintain waterworks and light plants, and leave the power to grant the use of streets to street railways to be implied from the general authority to establish and control streets? Our conclusion is that the legislature did not intend to and did not give to such villages the power to grant street-railway franchises for a definite term. Peoples Railroad v. Memphis R., 10 Wall. 38; Davis v. Mayor, 14 N. Y. 506, 67 Am. Dec. 186, and notes.

It is further claimed by the plaintiff that G. S. 1894, § 2642,

which declares that it shall be competent for municipalities to agree with a railroad company as to the terms on which it may occupy any street which may be necessary in the location of any part of its railroad, authorizes the grant in question. This provision manifestly refers only to commercial steam railroads. Funk v. St. Paul City Ry. Co., 61 Minn. 435, 63 N. W. 1099. We therefore hold that the village of South Stillwater had no power to grant the franchise in question.

Order affirmed.